**UNITED STATES COURT OF APPEALS**
**Filed 1/14/97**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

GERALD LLOYD MAHANEY, doing
business as Country Auto Sales,

Defendant - Appellee.

No. 96-7062
(D. Ct. No. CR-96-17-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, HENRY, and BRISCOE, Circuit Judges.

The government appeals an order of the district court granting defendant Gerald Mahaney's motion to suppress evidence seized by law enforcement officers pursuant to state search warrants executed at Mahaney's business on October 27 and November 2, 1993. We exercise jurisdiction under 18 U.S.C. § 3731 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

On February 22, 1996, a federal grand jury in the Eastern District of Oklahoma returned an indictment charging Mahaney with eight counts of knowingly possessing, with intent to sell or otherwise dispose of, stolen motor vehicles from which the vehicle identification number (VIN) had been unlawfully removed in violation of 18 U.S.C. §§ 2321 and 2. The indictments were based upon evidence obtained during an October 27, 1993 administrative search of Mahaney's business, Country Auto Sales, and two searches pursuant to search warrants executed on October 27 and November 2, 1993.

Mahaney filed a motion to suppress evidence seized by state and local law enforcement officers pursuant to the state search warrants executed at Mahaney's business premises on October 27 and November 2, 1993. The district court held an evidentiary hearing on the motion on March 19, 1996. On March 29, 1996, the district court granted Mahaney's motion to suppress. Based upon the evidence presented at the evidentiary hearing, the district court found that the October 27, 1993 administrative search of Mahaney's business premises was nothing more than a pretext for a criminal investigatory search, and therefore invalid under the Fourth Amendment. The district court suppressed the evidence obtained by authorities pursuant to the search warrants executed on October 27 and November 2, 1993 because the information obtained in the pretextual administrative search formed the sole basis for the warrant applications.

**Discussion**

Warrantless regulatory inspections of closely regulated businesses are reasonable under the Fourth Amendment when a statute that "incorporates specific and neutral criteria" authorizes them. United States v. Johnson, 994 F.2d 740, 742 (10th Cir. 1993) (citing New York v. Burger, 482 U.S. 691, 699-703 (1987)). Nevertheless, "an administrative inspection may not be used as a pretext solely to gather evidence of criminal activity." Id. The government challenges the district court's finding that the October 27, 1993 administrative inspection was nothing more than a pretext to search for evidence of a crime without the constitutional safeguards of a warrant.

When reviewing an order granting a motion to suppress, we review the evidence in a light most favorable to the district court's order and uphold the factual findings of the district court unless they are clearly erroneous. United States v. Soussi, 29 F.3d 565, 568 (10th Cir. 1994). "Whether an administrative search is a pretext for a criminal investigation is a factual question" subject to review for clear error. Johnson, 994 F.2d at 743 (citing Abel v. United States, 362 U.S. 217, 225-30 (1960)). "At a suppression hearing, the credibility of the witnesses and the weight to be given the evidence, together with the inferences to be drawn from that evidence, all are matters to be determined by the court." United States v. Dirden, 38 F.3d 1131, 1139 (10th Cir. 1994) (citing United States v. Walker, 933 F.2d 812, 815 (10th Cir. 1991), cert. denied, 502 U.S. 1093 (1992)).

The district court expressly based its finding of pretext upon five important factual findings. First, Deputy Smithson testified that he needed the assistance of the Tulsa Police officers and the National Insurance Crime Bureau ("NICB") to conduct the search, but later admitted that he could have conducted the search alone in about an hour and a half. Second, Deputy Smithson and Officer Rott testified that a particular vehicle was the primary target of the October 27 inspection. Officer Rott also testified that he had previously spoken to the NICB and the FBI about that vehicle. Third, Rott testified that he desired to conduct an administrative inspection of the premises earlier because he was suspicious of the large number of late model salvage cars at Mahaney's business. Fourth, Smithson enlisted an auto theft unit from another county and a private insurance investigator to assist in the administrative search. Fifth, authorities failed to examine Mahaney's buy/sell register to determine whether he was legally in possession of the vehicles and parts with altered VINs. The record supports the factual findings that formed the basis for the district court's finding of pretext.

We are unable to conclude that the district court's finding that the October 27 administrative inspection was "nothing more than a pretext" constitutes clear error. Accordingly, we uphold the decision of the district court to suppress the evidence seized under the October 27 and November 2 search warrants because the warrants were obtained solely on evidence derived from the illegal pretextual administrative inspection. Therefore, we need not reach the question of whether the October 27,

1993 warrant was supported by probable cause, and AFFIRM the order of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge